OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks an order annulling a determination by the respondents which denied the petitioner a refund of taxes paid on the entire net income of petitioner for the tax year commencing June 1, 1979 and ending December 31, 1979.
In 1978, petitioner purchased several different issues of New York State Housing Finance Agency bonds issued pursuant to Public Housing Law article 3. The investments were allegedly made by the petitioner in good-faith reliance upon the representations of the agencies issuing those bonds that the interest to be received from the bonds was exempt from all Federal, State and local taxes except estate, gift and transfer taxes.
During the tax year ending on December 31, 1979, the petitioner received interest income on the bonds in the amount of $2,146,649.73. Petitioner, allegedly relying on the representations mentioned above, did not include this income in the computation of its franchise tax liability due under Tax Law article 32. Subsequently, petitioner received a statement of audit alleging a deficiency of taxes due with respect to the bond interest. Payment was made by petitioner under protest and petitioner then submitted a claim for refund with the Corporation Tax Bureau. This claim was denied and petitioner appealed. On August 9, 1984, respondents sustained the decision of the De *493 partment of Taxation and Finance, Corporation Tax Bureau, denying petitioner’s refund request.
The petitioner contends that the income from the Housing Finance Agency bonds is exempt from inclusion in the calculation of franchise tax under Tax Law article 32 pursuant to the provisions of Private Housing Finance Law § 54.
This court cannot agree with the contention of the petitioner. Private Housing Finance Law § 54 provides in pertinent part as follows: “[T]he notes and bonds of the [Housing Finance] agency, issued pursuant to this article and the income therefrom * * * shall at all times be free from taxation, except for estate and gift taxes and taxes on transfers.”
However, under Tax Law, article 32, §§ 1451,1453 and 1455, a franchise tax is imposed on the petitioner measured by its entire net income and no deduction is allowable for income from New York State Housing Finance Agency bonds and various Municipal Housing Authority bonds. The said franchise tax does not impose a tax on the bonds or the income from them, but is a tax imposed on the privilege of doing business in a corporate capacity measured by entire net income which income includes the income from the bonds herein. The provisions of Private Housing Finance Law § 54 do not exempt the income from the bonds being included in the yardstick used to measure the franchise tax. It only exempts the income from the bonds from taxes imposed on it.
The petition is in all respects denied.